IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

SHERMAN DIVISION


| | | |
|---|---|---|
| JERRY SCOTT CAMP, JR., #1645381 | § | |
| VS. | § | CIVIL ACTION NO. 4:16cv165 |
| DIRECTOR, TDCJ-CID | § | |

<u>ORDER OF DISMISSAL</u>

Petitioner Jerry Scott Camp, Jr., a prisoner confined in the Texas prison system, filed the above-styled and numbered petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. He is challenging his Denton County conviction for the offense of Murder. The case was referred to United States Magistrate Judge Christine A. Nowak, who issued a Report and Recommendation concluding that the petition should be denied. Petitioner has filed objections.

Magistrate Judge Nowak concluded that the petition is time-barred by the one year statute of limitations. 28 U.S.C. § 2244(d)(1). Petitioner was convicted after a jury trial on April 29, 2010. The judgment was entered on May 3, 2010. On November 10, 2011, the Second Court of Appeals affirmed the conviction. *Camp v. State*, No. 02-10-00252-CR, 2011 WL 5515487 (Tex. App. - Ft. Worth 2011, pet. ref'd). The Texas Court of Criminal Appeals refused his petition for a discretionary review on February 15, 2012. Petitioner's conviction became final on May 15, 2012, when the time for filing a petition for discretionary review expired. *See Roberts v. Cockrell*, 319 F.3d 690, 693-95 (5th Cir. 2003) (finality determined by expiration of time for filing further appeals). The present petition was due no later than one year later on May 15, 2013, in the absence of tolling provisions. Petitioner filed an application for a writ of habeas corpus in state court on April 17, 2013, which was denied by the Texas Court of Criminal Appeals on June 12, 2013. The state application was pending for fifty-seven

1

days; thus, the deadline for the present petition to be filed was tolled by fifty-seven days to July 11, 2013. The present petition was not filed, however, until February 26, 2016. The petition was filed approximately two and one-half years too later. Magistrate Judge Nowak thus concluded that the petition should be dismissed as time-barred.

In his objections, Petitioner stresses that he filed the petition late due to extraordinary circumstances. More specifically, he has been experiencing pain and the loss of the use of his hands for years. Petitioner's explanation is a plea for equitable tolling. The Supreme Court clearly and unequivocally held that the AEDPA's statute of limitations may be tolled for equitable reasons. *Holland v. Florida*, 560 U.S. 631, 645 (2010). A petitioner is entitled to equitable tolling only if he shows (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstances stood in his way and prevented timely filing. *Id.* at 649. In the present case, Petitioner has not shown that he has been pursuing his rights diligently. He filed the present petition two and one-half years too late. Also, his hand problems do not amount to extraordinary circumstances. Petitioner is not entitled to equitable tolling. It should be noted that Magistrate Judge Nowak fully discussed his claim of extraordinary circumstances in the Report and Recommendation and found that his explanation lacks merit. Petitioner's objections to the contrary are not persuasive.

The Report of the Magistrate Judge, which contains her proposed findings of fact and recommendations for the disposition of such action, has been presented for consideration, and having made a *de novo* review of the objections raised by Petitioner to the Report, the Court is of the opinion that the findings and conclusions of the Magistrate Judge are correct and Petitioner's objections are without merit. Therefore, the Court hereby adopts the findings and conclusions of the Magistrate Judge as the findings and conclusions of the Court. It is accordingly

**ORDERED** that the petition for a writ of habeas corpus is **DENIED** and the case is **DISMISSED** with prejudice. It is further

**ORDERED** that a certificate of appealability is **DENIED**. It is finally

**ORDERED** that all motions not previously ruled on are **DENIED**.

**SIGNED this 21st day of November, 2018.**

AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE